**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANTOKH SINGH,

  Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

  Respondent.

No. 07-71602

Agency No. A079-589-562

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2011[**]
San Francisco, California

Before: NOONAN, O'SCANNLAIN, and TROTT, Circuit Judges.

Santokh Singh, a native of India, petitions for review of a decision of the

Board of Immigration Appeals (the BIA) denying his petition for asylum,

withholding of deportation, and relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(CAT). He raises a variety of issues that we need not address because even were we disposed to decide any one of them in his favor, his petition faces two critical obstacles. First, we lack jurisdiction to review Singh's asylum claim, as the BIA determined Singh's application to be untimely based upon the Immigration Judge's finding that Singh had failed to establish his date of entry into the United States. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 479 F.3d 646, 654 (9th Cir. 2007). Singh's petition does not raise a question of law regarding this finding. Second, as to Singh's remaining claims, the change in country conditions rebutted any presumption of future persecution. The 1997 addendum to the State Department's Country Report stated that there is "no evidence" that Sikhs face persecution or even harassment and no basis for believing that support for Akali Dal would lead to persecution. We have sometimes required what we have termed "individualized" rebuttal of a presumption of persecution, but we also have relied on "generalized materials." *Sowe v. Mukasey*, 538 F.3d 1281, 1285-86 (9th Cir. 2008). In this case largely public facts show Sikhs enjoying liberty in India. India is a country whose prime minister since 2004 has been a Sikh. The Immigration Judge analyzed how country conditions would affect Singh.

The petitioner provided no evidence challenging these conclusions.

Accordingly, Singh's asylum claim is dismissed and his withholding of removal and CAT claims are DENIED.